DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Peninsula Asset Management (Cayman) Ltd., et al., | ) ) ) | CASE NO. 5:04 CV 1153 |
| Plaintiff(s), | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| Hankook Tire Co., Ltd., et al., | ) ) | |
| Defendant(s). | ) ) | |

Before the Court is the motion of defendant Yang-Rae Cho, pursuant to Fed. R. Civ. P. 12(b)2), to dismiss the action against him for lack of personal jurisdiction.  (Doc. No. 98). Plaintiffs have filed a response (Doc. No. 138) and defendant has filed a reply (Doc. No. 139). Although the parties have managed to turn this motion and the related discovery into a major project spanning several months,[1] in fact, the only question is whether plaintiffs have established a *prima facie* case for personal jurisdiction over this defendant.  For the reasons discussed below, the Court concludes that they have not and the motion to dismiss is granted.

---

[1]  The Court appointed a Special Master to monitor the very contentious discovery in this case.  The Master, with the Court's approval, permitted specific discovery related to this motion. As a result, the motion, which was filed back in August 2005, only recently came at issue.

(5:04 CV 1153)

## I.  BACKGROUND

This action against Hankook Tire Co., Ltd. and Yang-Rae Cho was filed on June 17, 2004.[2]  Plaintiff, Karen Chongah Han ("Han") is a citizen of the State of Texas, who resides there with her husband, plaintiff No Joon Park ("Park").  (Compl. ¶ 1).  Defendant Hankook Tire Co., Ltd. ("Hankook") is a global corporate conglomerate organized and existing in the Republic of Korea, whose stock is publically traded in Korea.  (Compl. ¶¶ 2, 7).  Hankook has been licensed to transact business in Ohio since 1991; it has maintained a business office in Ohio since that time.  (Id.).  Defendant Yang-Rae Cho ("Cho") is a citizen of Korea, where he resides and works.  (Id.; Doc. No. 98-3 ¶ 2).  He is the chairman of Hankook's Board and a controlling shareholder of Hankook.  (Compl. ¶¶ 7, 34).

The complaint alleges a very complex factual scenario.  Essentially, plaintiffs claim that Hankook hired Peninsula Asset Management (Cayman) Ltd. ("Peninsula")[3] in 1998 to act as Hankook's agent to raise funds needed for refinancing its investment companies in Malaysia.  (Compl. ¶ 9).  Plaintiffs allege that Peninsula's good name was used by Hankook as a front to perpetrate a money-laundering scheme the goal of which was to transfer $20 million (US) out of Korea to an overseas account in New York City.  (Id.).[4]  News of plaintiffs' implication in this

---

[2]  Apparently, Yang-Rae Cho was not served until a year later.

[3]  Han founded plaintiff Peninsula in December 1995 to engage in the business of providing financial services to investment banks in international finance centers.  Plaintiffs allege that Peninsula quickly became known as one of the market leaders in providing financial services related to structured investments.  (Compl. ¶ 5).

[4]  In a Memorandum Opinion and Order issued on September 14, 2004, the Court outlined the factual allegations in more detail as follows:

(continued...)

(5:04 CV 1153)

scheme allegedly circulated around Korea and elsewhere, significantly damaging the reputations

and business of Peninsula and Han.  In fact, plaintiffs allege that, as a result of their inadvertent

implication in the illicit money-laundering scheme, their business network and operations were

shattered to an extent that cannot be recovered.  (Compl. ¶ 30).  They assert claims of

fraud/fraudulent inducement, negligent misrepresentation, civil conspiracy and breach of

contract.

---

[4] (...continued)

In or around August 1996, defendants formed three investment companies in Malaysia: (1) Jade Investment (L) Limited ("Jade"); (2) Jahama Investment (L) Limited ("Jahama"); and (3) Ocean Capital Investment (L) Limited ("Ocean"). (Compl. ¶ 36).  Jade and Jahama were to operate as investment vehicles through which Cho could trade in shares of Hankook stock; Ocean was to operate as a holding company for any profits realized from the investments.  (Compl. ¶ 37).

In or around October 1996, Jade and Jahama raised $41 million (US) by issuing debt instruments backed by Hankook's credit without following certain required procedures, an act prohibited by Korean law.  Jade and Jahama then used the funds to purchase 13.1% of the total outstanding shares of Hankook stock. Simultaneously, Cho and Jade/Jahama entered into side-letter agreements the effect of which gave all gains and losses from the investment in shares to Cho, also in violation of Korean laws.  (Compl. ¶ 38).

In late 1997, a financial crisis hit Korea and, by late 1998, Hankook's share price dropped below half the October 1996 purchase price.  This meant Jade and Jahama, and ultimately Cho and Hankook, would have insufficient funds for repayment of the $41 million debt coming due in  October 1999.  (Compl. ¶ 39). They needed to quickly acquire funds without being detected by Korean authorities.  (Id.).  In addition, in order for Jade/Jahama and Cho, to make a profit after repaying the debt and interest at maturity, Hankook's share price had to rise substantially in a short period of time.  (Compl. ¶ 41).

(Doc. No. 26, at 3-4).

3

(5:04 CV 1153)

## II.  ANALYSIS

Defendant Cho seeks dismissal of this action against him for lack of personal jurisdiction.

Fed. R. Civ. P. 12(b)(2).

The Sixth Circuit "has articulated a two-step inquiry to determine whether a federal

district court sitting in a diversity-of-citizenship case can exercise personal jurisdiction over a

defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction,

and (2) whether the exercise of jurisdiction comports with the Due Process Clause." Brunner v.

Hampson, -- F.3d --, 2006 WL 462913, at * 5 (6th Cir. Feb. 28, 2006) (citing CompuServe, Inc.

v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996)).

Two kinds of jurisdiction can be exercised under Ohio law:

Jurisdiction may be found to exist either generally, in cases in which a
defendant's "continuous and systematic" conduct within the forum state renders
that defendant amenable to suit in any lawsuit brought against it in the forum
state, or specifically, in cases in which the subject matter of the lawsuit arises out
of or is related to the defendant's contacts with the forum.

Id. (quoting Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1996)).

The burden is on the plaintiffs to establish that personal jurisdiction over Cho exists; however,

when a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing,

all pleadings and affidavits must be considered in the light most favorable to the plaintiff and the

plaintiff need make only a *prima facie* showing of jurisdiction. Compuserve, 89 F.3d at 1261-

62.

Although defendant Hankook may be described as having "continuous and systematic"

conduct within Ohio, the same cannot be said for defendant Cho. He is not an Ohio citizen or

4

(5:04 CV 1153)

resident; he does not engage in business in Ohio; he does not maintain a place of business or an office in Ohio and has no employees or agents in Ohio; he owns no property in Ohio; he has no bank account in Ohio; he has no telephone listing in Ohio; he has no mailing address in Ohio; he pays no income, property, personal or business taxes in Ohio; and he solicits no business in Ohio.  In short, plaintiffs have failed to establish even <u>minimum</u> contacts between Cho and Ohio.

Furthermore, plaintiffs cannot establish personal jurisdiction over defendant Cho under Ohio's long-arm statute which provides that

[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1)  Transacting any business in this state;

(2)  Contracting to supply services or goods in this state;

(3)  Causing tortious injury by an act or omission in this state;

(4)  Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6)  Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

5

(5:04 CV 1153)

>(7)  Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

>(8)  Having an interest in, using, or possessing real property in this state;

>(9)  Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382.

Since the plaintiffs are unable to establish personal jurisdiction over defendant Cho under the first step of the test articulated by the Sixth Circuit in <u>CompuServe</u>, the Court need not analyze whether the due process clause of the Fourteenth Amendment is a limitation on the exercise of jurisdiction.


### III.  CONCLUSION

Construing the facts in a light most favorable to the plaintiffs, the Court concludes that plaintiffs have failed to establish a *prima facie* showing of personal jurisdiction over defendant Yang-Rae Cho.  Accordingly, Cho's Rule 12(b)(2) motion to dismiss (Doc. No. 98) is granted and defendant Cho is dismissed from this lawsuit, which will proceed against defendant Hankook Tire Company, Ltd. only.

IT IS SO ORDERED.


 March 13, 2006                           *s/ David D. Dowd, Jr.*
Date                                      David D. Dowd, Jr.
                                          U.S. District Judge