DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Peninsula Asset Management (Cayman) LTD., et al., | ) ) ) CASE NO. 5:04 CV 1153 |
| Plaintiff(s), | ) ) |
| v. | ) O R D E R ) (Resolving Doc. Nos. 186-189) |
| Hankook Tire Co., LTD., et al., | ) ) |
| Defendant(s). | ) |

INTRODUCTION

Before the Court are four motions filed by the Plaintiffs after the Court granted Defendant's Motion for Summary Judgment and issued final judgment in this case. Plaintiff has filed: Motion for Reconsideration (Doc. No. 186); Motion for Leave to file newly discovered evidence in support of the Motion for Reconsideration (Doc. No. 187); Motion to supplement evidence (Doc. No. 188); and Motion for Oral Argument (Doc. No. 189).

Pursuant to the Court's Order (Doc. No. 190), Defendants timely filed one response to the four motions (Doc. No. 191) and Plaintiffs timely filed one reply brief in support of the four motions (Doc. No. 194).

For the following reasons, the Court grants Plaintiffs leave to supplement the evidence as requested by the motions at Doc. No. 187 and 188. Further, having fully considered the arguments and supplementary evidence submitted, the Court finds that oral argument would not be helpful (Doc. No. 189) and denies the Motion for Reconsideration (Doc. No. 186).

DISCUSSION

On October 13, 2006, the Court issued it Memorandum Opinion and Judgment Entry granting Defendant's motion for summary judgment. Count One of the complaint alleged the breach of an indemnity agreement between Plaintiffs and Ocean Investments Ltd. The Court concluded that the indemnity agreement could not be enforced as against Defendant in this matter unless it could be shown that Ocean had breached the agreement.

Count Two of the complaint alleged fraud/fraudulent misrepresentation and Count Three of the complaint alleged negligent misrepresentation. The Court concluded that there was insufficient evidence in the record for those claims to be submitted to a jury.

Plaintiffs summarize their motion for reconsideration in their reply brief:

> There are two basis for Plaintiffs' Motion to Reconsider: (1) breach of contract and alter ego claims on a clear error of law ground (See Plaintiffs' Motion to Reconsider (Doc. No. 186-1 at 1, 2, 5-7) and (2) newly discovered evidence to fraud and negligence claims (Id. at 2, 8-14).

Plaintiffs' Reply in Support of Motion to Reconsider (Doc. No. 194) at 2.

This summary makes clear that Plaintiffs seek reconsideration as to Count One only as a matter of law and seek to supply additional evidence in support of Counts Two and Three as they argue that there are material facts in dispute that require submission of those counts to a jury.

Count One

In the motion to reconsider, Plaintiffs reassert their argument that an indemnity provision in the Placing Agreement between Ocean and Plaintiffs entered into in 1998 was breached by Defendant Hankook's failure to report its transactions concerning Ocean in 2002. Plaintiffs previously argued that Defendant Hankook should be considered the alter ego of Ocean.

2

Allegations of wrongdoing against Hankook should then be considered the same as wrongdoing by Ocean. See Plaintiffs' Response to Motion for Summary Judgment, Docket No. 165-1 at 25.

The Court declined to adopt this line of reasoning because there was no evidence of any triggering event under the indemnity provision as to Ocean, the party agreeing to provide the indemnity. See Memorandum Opinion, Docket No. 184 at 15-16. In the motion to reconsider, Plaintiffs argue that any alleged violation by Hankook triggers the indemnity provision of the Placing Agreement because such conduct by Hankook may relate to any damages that Plaintiffs may suffer or incur.

The Court disagrees. The indemnity provision cited by Plaintiffs may apply to third parties such as Hankook when there are allegations of misconduct related to the "implementation of the Placing or distribution of the Private Placing Memorandum or the entering into or completion of this Agreement or Material Contacts." See Docket No. 163, Exhibit A at 9. However, Plaintiffs have not submitted evidence that the charges related to Hankook's failure to report Ocean transactions in 2002 in any way relate back to "the implementation" or "distribution" of the Placing in 1998 or otherwise may be construed to invoke the terms of the indemnity provision. Accordingly, the motion for reconsideration as to Count One is denied.

<u>Counts Two and Three</u>

The Court also granted Defendant's Motion for Summary Judgment as to Count Two alleging fraud/fraudulent misrepresentation and Count Three alleging Negligent Misrepresentation. In support of it Motion to Reconsider, Plaintiffs seek to supplement the evidence of fraud with a September 5, 2006 report from the Seoul Central District Prosecutor's

Office. An English translation of the Report may be found at Docket No. 186-2. Plaintiffs have filed a  Motion to supplement the record with the report (Docket No. 187). Plaintiffs have also filed a motion to submit the resume of the translator of the report (Docket No. 188).

Defendant objects to the motion to supplement the record with the report alleging that it was not timely submitted as Plaintiffs had the report in their possession more than six weeks before submitting it to the Court. Plaintiffs argue that translating the report required additional time and accounts for the delay in its submission. The Court grants Plaintiffs' motion to supplement and to submit the resume of the translator (Docket Nos. 187-188).

Defendant Hankook filed a complaint with the Seoul Central District Prosecutor's Office in early 2006 alleging that Plaintiff No Joon Park attempted to extort money from Defendant and committed criminal defamation against the Defendant's name and reputation by his public statements. The report, filed at Docket No. 186-2, contains many of the same allegations made by Plaintiffs and Defendant in this case.  The prosecutor who investigated Defendant's criminal complaint, Jung Hui Park, concluded that there was insufficient evidence to support either of Defendant's allegations of criminal wrongdoing and by his report gave notification that he had no reason to prosecute.

Plaintiffs seek to use the report to substantiate the allegations of fraud and to cause the Court to reconsider its determination that there was insufficient evidence submitted to support the allegations underlying Counts Two and Three. At several points in the motion to reconsider, Plaintiffs allege that the Prosecutor made findings in his report to support their position. After reviewing the report, the Court agrees with Defendant that while the report recites the allegations

made by the parties in this matter, the only findings that were made in the report were that there was insufficient evidence for the prosecutors to pursue the claims lodged by Defendant.[1] Accordingly, the Court denies the motion to reconsider as to Count Two and Count Three.

## CONCLUSION

For the reasons stated, the Court grants Plaintiffs leave to file the supplementary evidence as requested by the motions at Doc. No. 187 and 188. Further, the Court concludes that oral argument would not be helpful and denies the motion at Doc. No. 189. Finally, the motion for reconsideration (Doc. No. 186) is denied.

IT IS SO ORDERED.

 November 29, 2006   /s/ David D. Dowd, Jr.
Date   David D. Dowd, Jr.
   U.S. District Judge

---

[1] Defendant also raises hearsay objections to the prosecutor's statements in the report which the Court finds it does not need to resolve.