DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Peninsula Asset Management (Cayman), Ltd., et al., | ) ) CASE NO. 5:04 CV 1153 |
| Plaintiff(s), | ) ) |
| v. | ) MEMORANDUM OPINION ) AND ORDER |
| Hankook Tire Co., Ltd., et al., | ) ) |
| Defendant(s). | ) |

## I. INTRODUCTION

The above-captioned case is before the Court on remand from the U.S. Court of Appeals for the Sixth Circuit. In an Opinion issued on December 13, 2007, that court determined that complete diversity is lacking. *Peninsula Asset Management (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509 F.3d 271 (6th Cir. 2007). The case was remanded "for consideration of the need to dismiss for lack of subject matter jurisdiction." *Id.* at 272. A true copy of the mandate was docketed on January 9, 2008. (Doc. No. 217).

Even before jurisdiction was returned to this Court, defendant Hankook Tire Co., Ltd. filed a motion to determine subject matter jurisdiction, to dismiss a dispensible party, and for sanctions. (Doc. No. 215). Plaintiffs filed a response (Doc. No. 216) and defendant filed a reply (Doc. No. 218). The matter is ripe for determination.

(5:04 CV 1153)

## II.  DISCUSSION

Plaintiffs filed this action on June 17, 2004.  The Complaint alleges, in relevant part, as follows:

> 1. Plaintiff Karen Chongah Han is a citizen of the State of Texas who resides there with her husband, Plaintiff No Joon Park.  Peninsula Asset Management (Cayman) Ltd. *("Peninsula") is an exempt company duly organized and existing under the laws of the Cayman Islands.*  Ms. Han is currently the sole director and shareholder of Peninsula.  Mr. Park was an initial director of Peninsula and, after his resignation as director, was appointed by Peninsula as agent or officer from time to time including the time when he performed acts relevant to this cause of action.
>
> 2. *Defendant Hankook is a global corporate conglomerate organized and existing in the Republic of Korea.*  In 1991, the State of Ohio granted Hankook a permanent license to transact business in the state, and Hankook has continously maintained a business office in Ohio since that time.  In the late 1990s, Hankook changed its name from "Hankook Tire Manufacturing Co., Ltd." to its current name, Hankook Tire Co.., Ltd.  Defendant Yang-Rae Cho is a citizen of the Republic of Korea, who as director of Hankook or in his personal capacity has maintained minimum contacts with the State of Ohio.
>
> * * *
>
> 4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this is a civil action in which the matter in controversy exceeds $75,000 and because the action is between parties with complete diversity of citizenship.  *Peninsula is a Cayman Islands company*, Ms. Han is a citizen of the State Texas, and Mr. Park had been admitted to the United States as a permanent resident and he is also domiciled in the State of Texas.  *Hankook is a Korean conglomerate* doing business in the State of Ohio, and its chairman Cho is a Korean citizen.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

(Doc. No. 1) (italics added).

(5:04 CV 1153)

Title 28, Section 1332(a) provides as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

"Section 1332 has been interpreted to require 'complete diversity.'" *Ruhrgas AG v. Marathon Oil Company,* 526 U.S. 574, 570, n.2 (1999) (citing *Strawbidge .v Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)).  In *Ruhrgas*, the presence of a German corporation on one side and a Norwegian corporation on the other rendered diversity incomplete.

In this case, plaintiff Peninsula is a Cayman Islands business entity, while Defendant Hankook is a Korean company.  In a previous Memorandum Opinion and Order issued on September 14, 2004, this Court ruled, *inter alia*, on Hankook's motion to dismiss on the ground of *forum non conveniens*.  Without further explanation, the Court declared:

> This action is based on diversity jurisdiction.  28 U.S.C. § 1332.  Two residents of Texas along with a foreign (Cayman Islands) corporation that has a place of business in Dallas County, Texas have sued a Korean citizen and a foreign (Korean) corporation that has both a registered agent in Uniontown, Ohio and an office in Arlington, Texas.

3

(5:04 CV 1153)

(Doc. No. 26, at 14). In light of the Sixth Circuit's remand, the Court must now reconsider its conclusion that diversity jurisdiction exists, a conclusion that was based on the fact that, although there were foreign corporations on both sides, each corporation does business in a State of the United States where it is deemed to be a citizen. This, however, was an erroneous legal conclusion. "[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation." *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir.1989) (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir.1980)).

Hankook argues that plaintiffs are estopped from asserting there is no jurisdiction since they brought the lawsuit here in the first place and must take the consequences of their actions. However, the complaint clearly alleges the presence of foreign entities on the two sides of this dispute. Furthermore, "principles of estoppel do not apply" to questions of subject matter jurisdiction. *Creaciones v. Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (cited with approval by the Sixth Circuit in the remand order).

Finally, Hankook argues that Peninsula is a dispensable and nominal party and probably did not even exist at the time of the filing of the complaint. There is no evidence of this latter assertion and the Court disagrees that Peninsula is dispensable and/or nominal. The complaint alleges that Peninsula was founded "to engage in the business of the provision of financial services to world-renowned investment banks in international finance centers." (Compl. ¶ 4). It further alleges that Peninsula "quickly became known as one of the market leaders in the

4

(5:04 CV 1153)

provision of financial services related to structured investments[.]" (Compl. ¶ 5). Plaintiffs allege that Hankook engaged the services of Peninsula to raise money in the international financial market (Compl. ¶ 9) and, unbeknownst to Peninsula, actually engaged in a complicated scheme of accounting fraud solely for the benefit of Hankook's owner, Yang-Rae Cho. (Compl. ¶¶ 6-8). The Court rejects the notion that Peninsula is a dispensible or nominal party.

### III. CONCLUSION

Urged by the Sixth Circuit Court of Appeals to re-examine, in light of case law it pointed out, whether there is complete diversity in this case, this Court now concludes that complete diversity is lacking and that there is no subject matter jurisdiction. As a result, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.[1]

IT IS SO ORDERED.

| February 1, 2008 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[1] Hankook has moved for Rule 11 sanctions in the event the case is dismissed, asserting that plaintiff "did not waiver from [the assertion of subject matter jurisdiction] until judgment was rendered against them." (Motion, at 11-12). The Court concludes, however, that sanctions are not warranted since it appears that the Sixth Circuit, not the plaintiffs, *sua sponte* raised the question of subject matter jurisdiction.